[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13132
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-24580-UU,
Bkcy No. 1:16-bkc-21262-AJC

In re:

STEVEN G. LEGUM,

Debtor.

_____

STEVEN G. LEGUM,

Plaintiff-Appellant,

versus

MOSHE ENBAR,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 8, 2019)

Before MARCUS, ROSENBAUM, and EDMONDSON, Circuit Judges.


PER CURIAM:


Steven Legum ("Plaintiff"), a lawyer proceeding pro se, appeals the district court's order dismissing -- as moot -- Plaintiff's appeal from an order of the bankruptcy court. The bankruptcy court dismissed Plaintiff's adversary complaint in the Chapter 7 proceedings of Moche Enbar ("Debtor"). No reversible error has been shown; we affirm.

Briefly stated, Debtor filed the Chapter 7 bankruptcy petition underlying this appeal in 2016. Plaintiff was not listed among the secured and unsecured creditors identified in Debtor's bankruptcy proceedings. Plaintiff filed a claim against Debtor's estate, asserting that Plaintiff had a judgment lien against Debtor's real property.

Plaintiff also later filed an adversary complaint against Debtor, seeking to prevent Debtor from obtaining a bankruptcy discharge under 11 U.S.C. § 727. The district court denied both Debtor's motion to dismiss and Plaintiff's cross-motion for summary judgment. The case then proceeded to trial, during which Debtor moved again for involuntary dismissal. The bankruptcy court determined that Plaintiff had failed to produce "a scintilla of evidence that would justify denial of

discharge under 727." The bankruptcy court thus granted Debtor's motion and dismissed Plaintiff's adversary proceeding on 7 December 2017.

Plaintiff appealed the bankruptcy court's dismissal to the district court. Plaintiff, meanwhile, sought no stay of discharge in the underlying bankruptcy case. On 15 May 2018 -- while Plaintiff's appeal was still pending in the district court -- the bankruptcy court granted Debtor a Chapter 7 discharge. Plaintiff filed no appeal from the discharge order; the order of discharge thus became final on 30 May. Thereafter, the district court dismissed Plaintiff's appeal as moot.

We review de novo a district court's determination that a bankruptcy appeal is moot. First Union Real Estate Equity & Mortg. Invs. v. Club Assocs. (In re Club Assocs.), 956 F.2d 1065, 1069 (11th Cir. 1992).

Under Article III of the Constitution, a federal court's jurisdiction is limited to active "cases" and "controversies." Already, LLC v. Nike, Inc., 568 U.S. 85, 90 (2013). An "actual controversy" must exist throughout all stages of litigation. Id. at 90-91. A case becomes moot when "the parties lack a legally cognizable interest in the outcome." Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1216-17 (11th Cir. 2000). "Central to a finding of mootness is a determination by an appellate court that it cannot grant effective judicial relief." In re Club Assocs., 956 F.2d at 1069. If -- after the commencement of a lawsuit -- an event occurs that "create[s] a situation in which

3

the court can no longer give the plaintiff meaningful relief, the case is moot and must be dismissed." Fla. Ass'n of Rehab. Facilities, 225 F.3d at 1217.

In a Chapter 7 bankruptcy proceeding, an order of discharge is a final order marking the end of the adjudication of claims against the bankruptcy estate. Green Point Credit, LLC v. McLean (In re McLean), 794 F.3d 1313, 1322 (11th Cir. 2015). A party seeking to appeal a discharge order must file a notice of appeal within 14 days after entry of the order. See Fed. R. Bankr. P. 8002(a)(1). The timely filing of a notice of appeal is mandatory and jurisdictional. Williams v. EMC Mortg. Corp. (In re Williams), 216 F.3d 1295, 1298 (11th Cir. 2000). If an appellant seeking review of an order of the bankruptcy court fails to file a timely notice of appeal, the district court lacks jurisdiction to consider the appeal. Id.

In the district court, Plaintiff argued that the bankruptcy court erred in failing to grant Plaintiff summary judgment and in failing to grant the denial of Debtor's discharge. Plaintiff sought -- in essence -- a judgment from the district court that Debtor should be denied a Chapter 7 discharge.

Debtor, however, had already been granted a Chapter 7 discharge. Plaintiff failed to appeal the bankruptcy court's order of discharge; so, the district court lacked jurisdiction to review that order. See id. As a result, the district court was no longer able to provide Plaintiff with the relief he sought. The district court

determined properly that the case was rendered moot and was subject to dismissal.

See Fla. Ass'n of Rehab. Facilities, 225 F.3d at 1217.

AFFIRMED.[*]

---

[*] On appeal, Plaintiff also challenges the validity of the bankruptcy court's order of discharge. Because Plaintiff failed to appeal that order timely, we lack jurisdiction to consider that argument. See Fed. R. Bankr. P. 8002(a)(1); In re Williams, 216 F.3d at 1298.